949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Dean LARSON, Petitioner-Appellant,
v.
William L. CALLAHAN, Respondent-Appellee.
 No. 91-35239.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.
Decided Dec. 10, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Larson appeals the dismissal of his habeas petition. The district court held that Larson's 17 year delay in raising his claim of an involuntary guilty plea bars him from raising it now. Reviewing the dismissal de novo, we affirm.
 
 
 3
 A court may dismiss a habeas petition for delay if: (1) the delay prejudices the state's ability to respond to the petition; and (2) the petitioner failed to act with reasonable diligence in pursuing the claim. See Harris v. Vasquez, 943 F.2d 930, 944, 970 (9th Cir.1991) (citing 28 U.S.C. § 2254 foll. Rule 9(a) (1988)).
 
 
 4
 Larson's claim stems from his 1972 guilty plea to two counts of robbery. Little evidence remains to support or refute his claim. In accordance with state law, the untranscribed reporter's notes of the hearings were retained for 15 years, then destroyed in January 1988. Larson's trial counsel died in a fire in 1979. Time has dulled the memories of the prosecutor and trial judge; neither has any present recollection of the hearings. The trial court file lacks information sufficient to determine whether Larson's claim has any merit. In short, Larson's lengthy delay has prejudiced the state by precluding it from responding to the merits of the petition.
 
 
 5
 Once the state demonstrates delay-induced prejudice, the burden shifts to the petitioner to show that he exercised reasonable diligence in pursuing the claim. Harris v. Pulley, 885 F.2d 1354, 1367 (9th Cir.1988), cert. denied, 493 U.S. 1051 (1990). Larson argues simply that until a fellow inmate suggested it to him in 1988, he did not realize that he could raise a claim based on the voluntariness of his guilty plea. He does not contend that the law has changed, creating a new basis for relief. The case law on which he bases his claim predates his guilty plea. See Brady v. United States, 397 U.S. 742 (1970). Under these circumstances, Larson failed to act with reasonable diligence.
 
 
 6
 We have considered Larson's challenges to the supporting affidavits and find them without merit.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3